WILLIAMS, Judge.
Plaintiff, Freeman Renovations, Inc. (hereinafter Freeman) entered into an oral agreement with Cromwell Properties and the Cromwells to renovate four buildings owned by Cromwell. The four buildings were in need of extensive renovation. The agreement called for Freeman to do all work necessary to renovate the buildings according to plans furnished by Cromwell. In turn Cromwell was to pay Freeman on a cost plus 20% basis computed on the total cost of labor. Cromwell was to supply all but incidental materials through A.B. Clark Lumber, a Cromwell family business. The renovation work began in May of 1979. In October of 1979 Cromwell instructed Freeman to terminate the work.
After termination, Freeman invoiced the defendants for a total of $145,326.75 for services rendered through the date of termination, and this amount was later recalculated and adjusted to $114,882.54. It was stipulated that Freeman had been paid $63,952.34. Additionally, prior to trial, the parties stipulated that $11,827.18 owed by Freeman to A.B. Clark Lumber Company was to be an offset against the amount due Freeman by Cromwell if any.
As a defense to the amounts claimed by Freeman, Cromwell asserted the following:
1) Inaccurate and unreliable record keeping
2) Padding of labor charges
3) Failure to efficiently manage the construction project
4) Failure to manage costs of project
5) Failure to perform in a workmanlike manner; and
6) Failure to heed specific instructions from the owner.
The matter was referred to a commissioner who made certain findings of fact and made recommendations. Both parties submitted exceptions to the report and the District Court determined that the total cost of the project should have been $87,-662. The court then subtracted the $63,-952.34 paid by Cromwell and credited Cromwell with the $11,827.18 owed to A.B. Clark, thereby concluding that Cromwell owed Freeman $11,882.48. Two consolidated suits were dismissed.
Cromwell contends that the trial court erred in failing to dismiss plaintiff's claim because plaintiff failed to qualify as a li *847 censed contractor under La.Rev.Stat. 37:2157 A. R.S. 37:2157 A defines a contractor as a person or corporation which undertakes to construct, alter, repair or improve a building, house, or improvement where the cost was $75,000 for a residence to be occupied by not more than four families. Cromwell claims that since the cost of the project was over $75,000, Freeman was required to secure a contractor’s license. Cromwell then relies on R.S. 37:2160 which precludes a party from engaging in the business of contracting without first obtaining a license and violation of the statute results in a misdemeanor charge. As a result, Cromwell asserts that under Louisiana law a party is not permitted to recover in a civil action for any undertaking which amounts to a crime. The defendant’s assertion is without merit.
In the case of Messina v. Koch Industries, 283 So.2d 204 (La.1973) the Supreme Court determined that where there was no written contract but only an oral agreement there was no binding obligation on the parties beyond the succeeding day’s activities. 283 So.2d at 207. Here, there was no contract which would trigger the statute. The threshold amount necessary to activate the licensing requirement is $75,000 for a single family dwelling. Here, there was no single agreement exceeding that amount, each party was at liberty to terminate the relationship at any time and, at best, the agreement was a weekly contract as evidenced by the fact that Freeman rendered a weekly statement of costs. Further, the work contracted for involved four single family dwellings with none of the costs more than the $75,000 requirement. The fact that Freeman did not obtain a contractor’s license prior to undertaking the project does not preclude its bringing suit for recovery of monies owed.
Cromwell also suggests that the suit should be dismissed because Freeman failed to meet the burden of proof required of a cost-plus contractor. It is clear from the commissioner’s remarks in response to Cromwell’s motion for a directed verdict at the conclusion of Freeman’s case and from the commissioner’s formal report that he did reject Freeman’s evidence in its entirety. But he was convinced that Freeman was entitled to recover something for the work which had been completed. He accepted Cromwell’s expert’s testimony that Freeman was entitled to $40 per square foot for the work done and found as a fact that Freeman was entitled to $85,824 on this basis. There was no abuse of discretion by the commissioner in reaching this conclusion. He did make an arithmetical error in the figure of $85,824 which was sought to be corrected by the trial judge to $87,662. However, this figure is still inaccurate and must be amended to $88,908. This is so because the commissioner found that house number 1 was 89% complete so that 1557.50 of its 1750 square feet were complete; and he found that the other three houses were 20% complete so that 665.20 of their combined 3326 square feet were complete. Thus Freeman is entitled to 1557.50 plus 665.20 or 2222.70 square feet at $40.
By its final assignment Cromwell claims a credit for $25,281.81 for materials supplied to Freeman by A.B. Clark and actually installed. Freeman acknowledged that the materials were incorporated into the project but contends that the original agreement contemplated that Cromwell would contribute these materials from its related company Clark. However, Freeman’s theory of the case was totally rejected by the trial court. Freeman’s recovery was an equitable one fashioned by the trial court to prevent the injustice which would have resulted from an outright dismissal of Freeman’s case. The figure awarded by the trial court and corrected by this court to $88,908 was based on a square footage figure for labor and materials. Since Freeman is being compensated for all materials including those supplied by Clark within the $40 figure it cannot deny payment to Cromwell for those materials supplied by Clark. Thus, Cromwell is entitled to a credit for $25,281.81.
These findings are recapitulated as follows:
*848 Amount due Freeman on principal demand: $88,908.00
Paid on account 68,952,34
Balance on principal demand $24,955.66
Amount due Cromwell on reconventional demand $25,281.81
Balance on reconventional demand $326.15
Since there is no amount due Freeman against which to offset the amount it owes A.B. Clark, the latter is entitled to judgment for $11,827.18.
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of defendants and plaintiffs-in-reconvention, Cromwell Properties, N. Clark Cromwell, and Nicholas C. Cromwell and against plaintiff and defendant-in-reconvention, Freeman Renovations, Inc. in the sum of $326.15 with legal interest from date of judicial demand until paid and for all costs of these proceedings.
There is likewise judgment in favor of A.B. Clark Lumber Company, Inc. and against Freeman Renovations, Inc. in the sum of $11,827.18 with legal interest from date of judicial demand until paid and all costs of the separate proceedings instituted by A.B. Clark.
REVERSED AND RENDERED.